IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELEMENT FINANCIAL CORPORATION | : | CIVIL ACTION |
|   f/k/a COACTIV CAPITAL | : | |
|     PARTNERS, INC. | : | |
| | : | |
|   v. | : | |
| | : | |
| COMQI, INC. | : | NO. 14-2670 |

MEMORANDUM

Dalzell, J.                                                                                          October 7, 2014

I.  **Introduction**

      We consider here defendant ComQi, Inc.'s ("ComQi") motion to dismiss plaintiff Element Financial Corporation's complaint. Plaintiff, formerly known as CoActiv Capital Partners, Inc. ("CoActiv") brings this diversity suit for contract breach, unjust enrichment, quantum meruit, and common law fraud. ComQi argues that we lack personal jurisdiction, that CoActiv lacks standing to sue it, and that CoActiv has failed to state a claim. Because we find that we lack personal jurisdiction over defendant ComQi, we need not reach its other defenses.

II.  **Standard of Review**

      After a defendant challenges the Court's personal jurisdiction, plaintiff bears the burden of establishing such jurisdiction. General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001). Where the Court does not hold an evidentiary hearing, a plaintiff needs to establish only a prima facie case of personal jurisdiction, and a plaintiff is entitled to have its allegations taken as true and have factual disputes resolved in its favor. Miller Yacht Sales, Inc. v. Smith, 384 F.3d

93, 97 (3d Cir. 2004). Still, a plaintiff must prove personal jurisdiction by a preponderance of the evidence. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).

After a defendant raises a jurisdictional defect, a plaintiff bears the burden of proving that jurisdiction is proper by competent evidence, actual proofs, or affidavits. Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). Rule 12(b)(2) motions inherently require resolution of factual issues outside the pleadings -- that is, whether personal jurisdiction actually lies. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 68 n.9 (3d Cir. 1984) (at no point may a plaintiff rely on the bare pleadings alone to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction).

### III.    Factual Background

Plaintiff CoActiv is a Delaware corporation with corporate headquarters in Horsham, Pennsylvania. Complaint at ¶ 1. Defendant ComQi is a Delaware corporation with its principal place of business in New York, New York. Id. at ¶ 3. In March of 2012 ComQi engaged in business discussions with Power Station LLC ("Power Station"), a corporation not party to this lawsuit. Id. at ¶ 7. Power Station wished to buy various media player devices and ancillary components for a related company, ConnectiVISION. Id. at ¶ 7. To finance this transaction, CoActiv agreed it would purchase the equipment from ComQi and Power Station would make monthly lease payments to CoActiv. Id. at ¶ 8.

ComQi sent a Quote to "Power Station, LLC" and "Financial Pacific Leasing, LLC" in Federal Way, Washington, representing that the sales price for the equipment and services would be $647,381.90. Id. at ¶ 9. The Quote was for "[m]edia players, wall mounts, and ancillary components and services relating to the connectiVISION Expansion Project." Id. at Ex. A.

On April 26, 2014, CoActiv issued a Purchase Order authorizing ComQi to ship the equipment to Power Station and send the invoice to CoActiv. Id. at ¶ 10. The Purchase Order provided that the goods to be sold to CoActiv, under its trade name "Panasonic Finance Solutions," included "Media Players, Wall Mounts and ancillary components" for $647,381.90. Id. at Ex. B. The Purchase Order specified that the goods were to be sold to CoActiv d/b/a Panasonic Finance Solutions and shipped to Power Station, listed under a Folsom, California address. Id.

On April 27, 2014, ComQi issued an Invoice to Power Station, LLC and CoActiv Capital Partners in Horsham, Pennsylvania. Id. at Ex. C. The description of the transaction on the Invoice is for "[m]edia players, wall mounts, and ancillary components and services relating to the connectiVISION Expansion Project." Id. CoActiv entered into a UCC Article 2A finance lease with Power Station LLC for the items listed on the Invoice. Id. at ¶ 12. ComQi shipped the equipment to a Massachusetts warehouse, where Power Station accepted the goods. Id. at ¶ 13.

Plaintiff avers in its Complaint that "The 'services relating to the connectiVISION Expansion Project' described in the Invoice and Quote . . . have never been and will never be fully performed by ComQi. On information and belief, only a small portion of the Equipment has been installed and put into use that actually required any amount of Services." Id. at ¶ 14. It further alleges that on November 13, 2013 CoActiv mailed ComQi a letter requesting a refund for the portion of the $647,381.90 attributable to the non-performed services, which CoActiv, without a waiver of rights, estimated to be $343,122.41. Id. at ¶ 15.

CoActiv here asserts four causes of action -- breach of contract, unjust enrichment, quantum meruit, and common law fraud. Complaint at 4-7. ComQi moved to dismiss for lack of personal jurisdiction, lack of standing, and failure to state a claim. Def. Mem. at 6, 12-13.

**IV.     Discussion**

    **A.     Challenges to Personal Jurisdiction**

A district court sitting in diversity exercises personal jurisdiction according to the law of the state where it sits. Fed. R. Civ. P. 4(k)(1)(A); O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction to the fullest extent permitted under the United States Constitution. 42 Pa. Cons. Stat. § 5322(b); Pennzoil Prod. Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 200 (3d Cir. 1998) (personal jurisdiction over non-resident defendants authorized to the constitutional limits of the Fourteenth Amendment's Due Process Clause). We therefore inquire whether exercising personal jurisdiction over a defendant is constitutional. Id. Due Process requires a non-resident defendant to have certain minimum contacts with the forum state such that bringing the defendant into court does not offend traditional notions of fair play and substantial justice. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413 (1984) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

First, we must determine whether a defendant's contacts with the forum state are sufficient to support general jurisdiction. Pennzoil Products Co., 149 F.3d at 200. A party subject to general jurisdiction can be brought into court regardless of whether the subject matter of the cause of action has any connection to the forum state. Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992). A party is subject to general jurisdiction when it has continuous and systematic contacts with the forum. Provident Nat. Bank v. California Federal Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (a showing of minimum contacts is insufficient to establish general jurisdiction, as plaintiff must show non-resident defendant's contacts are continuous and substantial).

Should we lack general jurisdiction, we must next inquire as to whether we have specific jurisdiction. Specific jurisdiction exists when a plaintiff's claim is related to, or arises out of, a defendant's contacts with the forum state. Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 212 (3d Cir. 1984). The relationship among the defendant, the forum state, and the litigation creates the foundation for specific jurisdiction. Id. We ask whether a defendant has purposely availed itself of the forum state, invoking the benefits and protections of its laws, and whether a defendant's conduct and connection with the forum state are such that it should reasonably anticipate being brought into court there. Farino, 960 F.2d at 1222. A single contact creating a substantial connection with the forum state can be sufficient to support exercising personal jurisdiction over a defendant. Miller Yacht Sales, 384 F.3d 93, 96 (3d Cir. 2004). We analyze personal jurisdiction questions on a defendant-specific and claim-specific basis. Id. at 96 n.1.

To determine whether there is specific jurisdiction, we ask three related questions. First, has the defendant purposefully directed its activities at the forum state? D'Jamoos ex rel. Estate of Weinegroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009). Second, does the litigation arise out of, or relate to, at least one of those activities? Id. And third, if the first two requirements have been met, does exercising jurisdiction comport with fair play and substantial justice? Id.

If there are sufficient minimum contacts to support personal jurisdiction, we inquire whether exercising that jurisdiction comports with fair play and substantial justice. Farino, 960 F.2d at 1222. We must evaluate fairness based on several factors, including the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the

most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

### B. General Jurisdiction

CoActiv argues that we may establish general jurisdiction over ComQi based on its partnership with Almo Corporation, a Pennsylvania corporation with its corporate headquarters in Philadelphia, and ComQi's appearance at a national sales meeting in Philadelphia in July of 2012. Pl. Resp. at unnumbered page 7. Plaintiff supports its contention with a press release from July 10, 2012, id. at Ex. A, various excerpts from the Almo Corporation's catalogues listing products labeled "ComQi," id. at Ex. C, and photos of booths for "ComQi" at that national sales meeting. Id. at Ex. D.

ComQi responds that CoActiv has identified the wrong entity: "The company that contracted with Almo Corporation is not defendant, but ComQi US, Inc. ("ComQi US"), a separate and distinct entity." Def. Reply at 3. Defendant explains that it and ComQi US have different registration numbers and dates of registration with the Delaware State Division of Corporations and "are separately managed and maintain separate financial books and records." Id. Defendant includes a Declaration of Sara Bause Mason, Vice-President of Operations at ComQi, Inc., which reports that defendant ComQi had no booths at Almo Corporation's national sales meeting in Philadelphia in July of 2012, that no one attended the show on ComQi's behalf, and that ComQi has not done business with Almo Corporation. Second Mason Decl. at ¶¶ 7-8. ComQi also attaches printouts from the Delaware Department of State: Division of Corporations showing that defendant ComQi Inc. was incorporated on March 4, 2007 under file number

6

4311373, id. at Ex. 1, and that ComQi US Inc. was incorporated on March 17, 2010 under file number 4800982. Id. at Ex. 2. Mason represents that defendant ComQi, Inc.

> is a software company that operates, sells and supports an internet platform that allows retailers and advertisers to manage and control their digital signage. ComQi US, Inc., by contrast, is the distributor for the Americas of hardware boxes for extension and distribution of signals. The companies have different clients. On rare occasion, Defendant has purchased hardware from ComQi US, Inc. for resale if needed for a project, but no such purchases were made in connection with the ConnectiVISION Expansion Project.

Id. at ¶ 5.

CoActiv need only establish a prima facie case for personal jurisdiction and is entitled to have its allegations taken as true and factual disputes resolved in its favor. Miller Yacht Sales, Inc., 384 F.3d at 97. But CoActiv still must prove personal jurisdiction by a preponderance of the evidence. Cartert Sav. Bank, 954 F.2d at 146. Even if we were to accept as true that ComQi US, Inc. would be subject to general jurisdiction in this Court on the basis of its contacts with Almo Corporation and Pennsylvania, we need not accept as true Plaintiff CoActiv's implied assertion that ComQi US, Inc. and defendant ComQi are the same company when they palpably are not. Plaintiff CoActiv has not shown by competent evidence, actual proofs, or affidavits that we have general jurisdiction, as defendant ComQi has demonstrated that it is not the same business CoActiv contemplates in the exhibits attached to its response. Dayhoff Inc., 86 F.3d at 1302. Plaintiff has therefore not shown that we have general jurisdiction over defendant ComQi.

### C. Specific Jurisdiction

Plaintiff and defendant disagree as to whether three documents -- the Quote, the Purchase Order, and the Invoice -- establish a foundation for specific jurisdiction over ComQi.

7

Plaintiff claims that even if we lack general jurisdiction, specific jurisdiction exists . Pl. Resp. at unnumbered pg. 9. CoActiv argues that "ComQi sent the Quote to CoActiv in order to induce CoActiv's financing for the transaction" with Power Station. Id. at unnumbered pg. 12. Further, CoActiv contends that the address on the Quote to Power Station in the state of Washington is not dispositive on the issue of whether there is specific jurisdiction. Id. at unnumbered pg. 13. CoActiv also argues that the Purchase Order "indicated CoActiv's acceptance of the initial Quote (sent by ComQi to CoActiv) and formed the basis for a contractual obligation between the parties." Id. (emphasis omitted).

ComQi responds that CoActiv cannot show that ComQi purposefully directed its activities at Pennsylvania, or that the cause of action arose out of ComQi's purposeful direction toward the Commonwealth of Pennsylvania, or that exercising specific jurisdiction comports with traditional notions of fair play and substantial justice. Def. Mot. at 9. ComQi stresses that CoActiv's Complaint makes clear that Power Station and ConnectiVISION, not plaintiff, were the beneficiaries of the services ComQi provided.  It also contends that no services were provided in Pennsylvania, the goods purchased were stored in Massachusetts, and the Purchase Order was for goods only, not services. Id.  ComQi also argues that the purported contract was not negotiated in Pennsylvania, that no meetings occurred in Pennsylvania, and that ComQi has not availed itself of any benefits of conducting business in Pennsylvania in connection with this particular transaction. Id. at 9-10. ComQi asserts that the Quote was sent to Power Station in California, not CoActiv in Pennsylvania. Id. at 10. ComQi also asserts that the fact that "the [Purchase Order] may have been sent from Pennsylvania to ComQi in New York establishes only plaintiff's contacts with Pennsylvania, not ComQi's." Id. ComQi also contends that the Purchase Order was only for goods, "and not for the services that are the subject of this lawsuit."

Id. at 11. Finally, ComQi argues that its "compliance with plaintiff's request to send the Invoice to plaintiff does not establish" purposeful availment. Id.

### 1. Personal Jurisdiction Over the Breach Of Contract Claims and Quasi-Contract Claims

Though a contract may provide the basis for the proper exercise of personal jurisdiction, a contract alone does not automatically establish sufficient minimum contacts in the other party's home forum. Grant Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993) (quoting Burger King, 471 U.S. at 478). The Court may consider contract negotiations, and mail and telephone communications the defendant sent into the forum state, all which may count toward the minimum contacts needed to support in personam jurisdiction. Id.

> Our Court of Appeals instructs us that
>
>> In contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach. Parties who reach out beyond their state and create continuing relationships and obligations with citizens of another state are subject to the regulations of their activity in that undertaking. Courts are not reluctant to find personal jurisdiction in such instances. Modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.

General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (internal quotations, citations, and brackets omitted).

Where the parties in a business transaction have long-term relationships conducted over electronic facilities, however, actual territorial presence is less determinative of whether there is personal jurisdiction. The important consideration is "the intention to establish a common venture extending over a substantial period of time," not which party initiated the relationship. Id. at 151. We are obliged to consider "the totality of the circumstances, including the location

and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing" as we determine whether we have in personam jurisdiction. Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001).

In Streamline Bus. Servs., LLC v. Vidible, Inc., 2014 WL 4209550, *10 (E.D. Pa. Aug. 26, 2014) (Baylson, J.), the Court found personal jurisdiction where "[b]oth parties maintained constant and consistent communication via Skype, email and telephone communications during prior negotiations and in performance of the contract." Defendant also made payments into plaintiff's Pennsylvania bank account and knew that plaintiff was a Pennsylvania resident during contract negotiations and that it would conduct its services in Pennsylvania. Id.

By contrast, in Rotondo Weinreich Enter., Inc. v. Rock City Mech., Inc., 2005 WL 119571, *4 (E.D. Pa. Jan. 19, 2005) (Padova, J.), the Court found it "significant that the parties did not intend to establish a common venture extending over a substantial period of time" where the contract was for a one-time project that lasted less than a year. There, the lack of physical presence in Pennsylvania was significant, even in a contract case, because there was no deliberate assumption of long-term obligations. Id. at *5. Given the absence of such a long-term relationship, and the minimal electronic contacts with the Pennsylvania plaintiff, there were insufficient contacts to ground specific jurisdiction related to the contract at issue. Id. See also Guzzi v. Morano, 2011 WL 4631927, *7 (E.D. Pa. Oct. 6, 2011) (Buckwalter, J.) (reviewing cases and agreeing that contract negotiations leading to a long-term relationship beyond a single transaction gave rise to minimum contacts); Cohen, Seglias, Greenhall, Pallas, & Furham, P.C. v. Hessert Constr. PA, LLC, 2011 WL 382571, *7 (E.D. Pa. Feb. 4, 2011) (Bayslon, J.) (finding personal jurisdiction where defendants solicited and initiated a business relationship with a Pennsylvania entity that lasted ten years and included extensive interstate communication and

10

many payments made into Pennsylvania). Where the Court has found interstate communication to ground specific jurisdiction, it is generally in conjunction with an actual appearance by the non-resident defendant in the forum state and continuing obligations between the parties. See Pulte Home Corp. v. Delaware Land Assoc., L.P., 2008 WL 2168788, *3-4 (E.D. Pa. May 22, 2008) (Giles, J.).

This controversy is precisely the type of contract case where the contract alone cannot ground specific jurisdiction over the non-resident defendant, and there is a distinct lack of additional contact with the forum state in relation to the transaction at issue. Even if, as plaintiff alleges, the Quote and Purchase Order represent the operative documents for contract formation, the only additional contact defendant ComQi would have had with the forum state would be the Invoice sent to CoActiv and Power Station in Pennsylvania. Plaintiff has not shown by a preponderance of the evidence any additional contacts that would support specific jurisdiction. There are no extended or protracted contract negotiations or post-contract discussion, no visits to Pennsylvania, no performance of the contract in Pennsylvania, and no manifest intent by the parties to enter into a long-term business relationship -- or even to conduct business beyond the provision of media players and services the agreement contemplated in Pennsylvania.  ComQi did not purposely avail itself of the privileges of doing business in Pennsylvania, nor could it have reasonably anticipated being haled into a Pennsylvania court in relation to this agreement.

CoActiv has not shown by a preponderance of the evidence that ComQi purposely directed its activities at Pennsylvania. Even if ComQi did send the Quote to induce the transaction, and therefore solicited the contract, ComQi sent the Quote to Power Station in California, not CoActiv in Pennsylvania. The Purchase Order that CoActiv sent to ComQi is the type of "unilateral activity of those who claim some relationship with a nonresident defendant"

that will not suffice to ground specific jurisdiction. D'Jamoos ex rel. Estate of Weingroff, 566 F.3d at 103. Even if the Purchase Order formed a contract between ComQi and CoActiv, that contract alone does not automatically supply specific jurisdiction. Beyond that alleged contract, the only other contact defendant ComQi had with the forum state would be the Invoice billing $647,381.90 to Power Station and CoActiv in Horsham, Pennsylvania. These contacts are too attenuated to support personal jurisdiction over defendant ComQi.

### 2.     Personal Jurisdiction Over the Common Law Fraud Claim

In Pennsylvania, the elements of common law fraud are (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance upon the misrepresentation by the party defrauded; and (5) damage to the party defrauded as a proximate result. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 225 n.13 (3d Cir. 2008) (quoting Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super. Ct. 2006)).

For intentional torts, we use an "effects test" to determine whether there is personal jurisdiction. The plaintiff must show that (1) defendant committed an intentional tort, (2) plaintiff felt the brunt of the harm in the forum state such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort, and (3) the defendant expressly aimed his tortious conduct at the forum state such that the forum can be said to be the focal point of the tortious activity. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998) (summarizing the effects test from Calder v. Jones, 465 U.S. 783 (1984), as it applies in our Court of Appeals). To show the third prong of the test, plaintiff must demonstrate that defendant knew plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum state and point to specific activity indicating that defendant expressly aimed its tortious conduct at that state. Id. at 266.

CoActiv has not shown by a preponderance of the evidence that ComQi directed tortious conduct at Pennsylvania such that this forum can be considered the focal point of the alleged tortious activity. Even if CoActiv has felt the brunt of the alleged tortious activity in Pennsylvania based on its theory of overpayment for services not rendered, CoActiv has not shown that ComQi directed its overbilling or withholding of services toward Pennsylvania. CoActiv alleges that ComQi has not, and will not, provide certain services for which CoActiv has paid. Those services are not alleged to have been contemplated to be performed in Pennsylvania. The equipment itself was delivered to Massachusetts, and CoActiv's letter to ComQi requesting a refund indicates that one hundred thirty-five of the two hundred fifty-five sets of media player systems that were the subject of the Invoice remain in the warehouse where they were originally shipped . . . in Massachusetts. Complaint at Ex. D. We therefore lack personal jurisdiction in regard to plaintiff's common law fraud claim as well.

D.       **Lack of Standing and Failure to State a Claim**

Because we find that we lack personal jurisdiction over defendant ComQi, we need not address ComQi's additional contentions that CoActiv lacks standing to sue ComQi or that CoActiv has failed to state a claim upon which relief can be granted.

V.       **Conclusion**

CoActiv has failed to meet its burden to demonstrate that we have personal jurisdiction over defendant ComQi. Even taking ComQi's allegations as true, ComQi's contacts with the forum state are too attenuated to support either general jurisdiction or specific jurisdiction. We therefore dismiss this case for lack of personal jurisdiction. An appropriate Order follows.

BY THE COURT:

/S/ STEWART DALZELL, J.